UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DON AND SANDRA RAUCH | * | |
|     Plaintiffs | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| GREAT NORTHERN INSURANCE COMPANY | * | MAGISTRATE: |
|     Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1441, Defendant, Great Northern Insurance Company ("Great Northern"), by and through undersigned counsel, respectfully submits this Notice of Removal of the above-captioned action, bearing Docket No. 846-222 in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Great Northern avers as follows:

**I.   FACTUAL BACKGROUND**

1. On August 28, 2023, plaintiffs, Don and Sandra Rauch ("Plaintiffs"), commenced this action through the filing of a Petition for Damages in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, styled as *"Don and Sandra Rauch v. Great Northern Insurance Company"*, bearing Docket No. 846-222, Division M.[1]

2. Great Northern's agent for service of process was served with the Citation and the Petition for Damages on September 7, 2023.[2]

---

[1] Exhibit "A", entire record of the state district court.
[2] Exhibit "A", Service of Process correspondence from Louisiana Secretary of State.

1

3.  Plaintiffs are of the full age of majority and residents of the Parish of Jefferson in the State of Louisiana.[3] For purposes of federal diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled.[4] Thus, under the principles set forth above, Plaintiffs are both citizens of Louisiana for purposes of diversity jurisdiction.

4.  Great Northern is a corporation organized and existing under the laws of the State of Indiana and maintains its principal place of business in New Jersey. The citizenship of a corporation for diversity purposes is determined by looking to both "the state in which it was incorporated and the state in which it has its principal place of business."[5] At all times relevant, Great Northern was and is incorporated in Indiana with its principal place of business in New Jersey. Thus, Great Northern is a citizen of the State of Indiana and the State of New Jersey for purposes of diversity jurisdiction.

5.  Great Northern is the only defendant named in the Petition filed on August 28, 2023 and served on Great Northern on September 7, 2023.[6]

6.  Plaintiffs allege that Hurricane Ida caused damage to their residence located at 3605 Lake Aspen North, Gretna, Louisiana 70056.[7]

7.  Plaintiffs allege that Great Northern breached its contractual duties under its insurance policy by failing to compensate Plaintiffs for amounts due under the policy. Plaintiffs further allege that Great Northern's failure to pay the amount due constitutes arbitrary and

---

[3] *See* Exhibit "A", Plaintiffs' Petition introductory ¶.
[4] *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous").
[5] *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988)).
[6] *See* Exhibit "A".
[7] *See* Exhibit "A", Plaintiffs' Petition at ¶6.

capricious behavior in violation of La. R.S. § 22:1973 and La. R.S. § 22:1892.[8]

## II. GROUNDS FOR REMOVAL — DIVERSITY OF CITIZENSHIP JURISDICTION

8. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because (A) complete diversity of citizenship exists between Plaintiffs and the sole defendant and (B) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

### A. Complete Diversity of Citizenship

9. The complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiffs and Great Northern are citizens of different states.

### B. Amount in Controversy

10. Upon information and belief, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11. Pursuant to 28 U.S.C. § 1466 (c)(2)(A)(ii)-B, if the state in which a removed suit does not permit demand for a specific sum, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. Article 893 of the Louisiana Code of Civil Procedure states that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."

12. The Fifth Circuit has articulated a "clear analytical framework" for assessing 28 U.S.C. § 1332's amount in controversy requirement in cases removed from Louisiana state court on the basis of diversity jurisdiction.[9] Under that framework, the removing defendant must show

---

[8] *See* Exhibit "A", Plaintiffs' Petition at ¶¶ 13 through 20.
[9] *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 2000); *see also* La. Code Civ. Proc. art. 893.

"by a preponderance of the evidence" that the amount in controversy exceeds $75,000.[10] To satisfy this burden, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[11] The Fifth Circuit has allowed removing defendants to meet this "plausible allegation" requirement by demonstrating that the facts alleged by the plaintiff make it "facially apparent" that the amount in controversy is sufficient.[12]

13. Therefore, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. The removing party may meet its burden of proof by (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000" or (2) establishing "summary judgment type evidence" to support a finding that the amount exceeds $75,000[13] To that end, a notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.[14] However, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.[15] A court's determination of whether the amount in controversy requirement is

---

[10] *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003); *Loque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002).

[11] *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) **only** when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554 (emphasis added).

[12] *See id.*

[13] *See, e.g., Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[14] *See Dart, supra.*

[15] *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also De Aguilar*

facially apparent from a petition should focus on the categories of alleged injuries and damages as well as the tortious nature of the Plaintiff's claim.[16]

14. In their Petition, Plaintiffs allege that their residence and contents, insured by Great Northern, sustained storm related damages on August 29, 2021 arising from Hurricane Ida. Plaintiffs also allege that the residence and its contents are covered by a policy issued by Great Northern with the policy number 12157904-07.[17] Plaintiffs further allege that they suffered damages including: repair and remediation costs, general damages for mental pain and anguish, emotional distress, and inconvenience, loss of use, contents damages, consequential damages, attorney's fees and penalties, and any other applicable damages under the policy. Plaintiffs also claim they are entitled to penalty and attorney's fees pursuant to La. R.S. §§ 22:1973 and 22:1892 in addition to the covered losses.[18]

15. Plaintiffs' Petition does not allege a specific monetary amount of damages.[19] Great Northern did not pay for the alleged damages because the building damages were under the deductible amount. Plaintiffs have asserted, through their estimate dated February 18, 2022, that the alleged Hurricane Ida storm damage for the dwelling alone is $303,024.42.[20]

---

*v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (ruling that if the defendant is successful, the plaintiff seeking remand must "show that, as a matter of law, it is certain that he will not be able to recover more than the" statutory amount).
[16] *See generally*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[17] *See* insurance policy at issue for Plaintiffs' property, attached hereto as Exhibit "B", which the limits for the dwelling are $1,321,000 and for the contents are $536,600.
[18] *See* generally Exhibit "A", Plaintiffs' Petition.
[19] *See* generally Exhibit "A", Plaintiffs' Petition.
[20] *See generally* Exhibit "A", Plaintiffs' Petition; *see also,* insurance policy at issue for Plaintiffs' property, attached hereto as Exhibit "B"; *see also*, Coverage Letter to Insured dated October 15, 2021, attached hereto as Exhibit "C"; *see also*, Plaintiffs' estimate dated February 18, 2022, attached hereto as Exhibit "D".

16. Plaintiffs also claim that they are entitled to penalties and attorney's fees pursuant to Louisiana Revised Statutes §§ 22:1892 and 22:1973.[21]

17. For each of the foregoing reasons, it is apparent that the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of costs and interest. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III.  TIMELINESS OF REMOVAL AND FORUM-DEFENDANT RULE

18. Great Northern has demonstrated that this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because it is a civil action between parties of diverse citizenship wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Now, Great Northern further shows that this Removal is timely made under 28 U.S.C. § 1446(b)(1) and does not violate the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2).

#### A.  This Removal is Timely Under 28 U.S.C. § 1446(b)(1)

19. The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b). When a case is removable based solely on the allegations set forth in the Plaintiff's initial pleading that statute requires the notice of removal be filed within thirty (30) days following service on the removing defendant.[22]

20. Great Northern was served via the Louisiana Secretary of State on September 7, 2023.[23]

21. This Notice of Removal was filed less than 30 days after Great Northern received service of Plaintiffs' Petition for Damages. Accordingly, it is timely under 28 U.S.C. § 1441(b)(1).

---

[21] *See* Exhibit "A", Plaintiffs' Petition at ¶¶13 through 20.
[22] 28 U.S.C. 1446(b)(1); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).
[23] *See* Exhibit "A", Service of Process correspondence from Louisiana Secretary of State.

### B. This Removal Does Not Violate Rule 28 U.S.C. § 1441(b)(2)

22. The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

23. Here, Great Northern is not a Louisiana citizen, and therefore, this Removal does not violate the forum-defendant rule.

### IV. CONSENT TO REMOVAL

24. When a civil action is removed and there are multiple defendants to the state action, all properly joined defendants must join the removal petition.[24]

25. Great Northern is the only named defendant in Plaintiffs' Petition for Damages, and therefore, the consent requirement does not apply.

### V. PROCEDURAL COMPLIANCE AND CONCLUSION

26. Thus, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

27. Attached as Exhibit "A" to this Notice of Removal, and by reference made part hereof, are true and correct copies of all process, pleadings, and orders served upon the defendant in the action pending in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana entitled *"Don and Sandra Rauch v. Great Northern Insurance Company"*, Civil

---

[24] *See* 28 U.S.C. § 1446.

Action No. 846-222, Division M, pursuant to 28 U.S.C. § 1446(a).

28. Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

29. By removing the Action from the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, Great Northern does not waive, and hereby reserves, all defenses and objections to the Petition, including, but not limited to, lack of personal jurisdiction, improper venue, insufficiency of process, prematurity, failure to state a claim upon which relief may be granted, or any other procedural remedies available to it.

30. By removing this action from the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, Great Northern does not admit any of the allegations in the Petition for Damages.

31. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal, that to the best of her knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

**WHEREFORE**, defendant, Great Northern Insurance Company, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse and the jurisdictional amount has been met.

*[Signature block and Certificate of Service on next page]*

          Respectfully submitted,

          */s/ Robert I. Siegel*
          ROBERT I. SIEGEL (#12063)
          ERIKA M. CUNNINGHAM (#31890)
          **GIEGER, LABORDE & LAPEROUSE, L.L.C.**
          Suite 4800 - One Shell Square
          701 Poydras Street
          New Orleans, LA 70139-4800
          Telephone: (504) 561-0400
          Facsimile: (504) 561-1011
          E-mail: rsiegel@glllaw.com
          E-mail: ecunningham@glllaw.com
          *Attorneys for Great Northern Insurance Company.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 6th day of October, 2023, served a copy of the foregoing **Notice of Removal** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties to this proceeding.

          */s/ Robert I. Siegel*
          ROBERT I SIEGEL